UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELIJAH WILLIAMS,

        Petitioner,

v.                                           Case No. 5:05-cv-101-Oc-10GRJ

WARDEN, FCC COLEMAN - MEDIUM,

        Respondent.

## ORDER OF DISMISSAL

      This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, challenging his 1996 guilty-plea conviction and sentence for a controlled-substance offense imposed in the United States District Court for the Middle District of Florida, Orlando Division.  In particular, Petitioner contends that his plea was involuntarily and that the sentencing court incorrectly applied the sentencing guidelines.

      Petitioner attacks the validity of his conviction and sentence rather than the means of execution.  Petitioner concedes that he was denied relief under 28 U.S.C. § 2255 in the sentencing court.  Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. See 28 U.S.C. § 2255.  However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under

§ 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court denied him relief</u>[.]"

The Petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). In <u>Wofford</u>, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal <u>or first § 2255 motion</u>.

<u>Id</u>. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." <u>Id</u>. (citing <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not

mere legal insufficiency.")).

Petitioner argues that his claims are based on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005).  However, it is the law of this circuit that an Apprendi-Blakely- Booker claim is  unavailable retroactively to cases pending on collateral review, and, as stated, a successful savings-clause claim must be based on a retroactively applicable Supreme Court decision.  See Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Wofford, 177 F.3d at 1238.

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at  Ocala, Florida, this 25th day of October 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Elijah Williams